LEON SCALZITTI, Plaintiff, *v.* NOBE CATERERS, INC., Defendant.

Supreme Court, Special Term, New York County, December 5, 1948.

*Isaac Strahl* for defendant.

*Emanuel Stempel* for plaintiff.

EDER, J. Motion to dismiss the complaint is granted. While this is claimed to be an action in ejectment, it is, in effect, a proceeding to dispossess the defendant, and appears to be a *modus operandi* to circumvent the requirements and provisions of the Business Rent Law (L. 1945, ch. 314, as amd.). Assuming this to be an action in ejectment, section 6 of the act prohibits the institution or maintenance of any proceeding to recover possession of any business space for or on account of a default in payment of rent, unless it is alleged and proved that the requirements of section 6 have been met. Paragraph fourth of the complaint alleges as the basis of this action that the defendant (tenant) has defaulted in payment of the monthly rent for August, September, October and November, 1948. While section 6 speaks of no " proceeding ", it is my view that this term was intended to include any method by which it was sought by the landlord to recover possession. A contrary construction leads to frustration of the legislative purpose and

object in the enactment of this emergency legislation. Circumvention thereof should not be encouraged and the matter should be viewed and considered in its true light. The complaint fails to set forth the allegations imposed, as condition precedent, in said section 6. Leave to amend is granted. Settle order.